IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES HOLCOMB,

    Movant-Defendant,

vs.                                                                   Civ. No. 98-764 JP/LCS
                                                                         Crim. No. 96-688 JP

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

Proposed Findings

1. This matter comes before the Court upon the Movant-Defendant's (Holcomb) Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 24, 1998. In his motion, Holcomb challenges the sentence he received in Crim. No. 96-688 JP. Holcomb pled guilty in Crim. No. 96-688 JP to one count of conspiring with others to manufacture and distribute 100 grams or more of a mixture containing a detectible amount of heroin in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(B), and 18 U.S.C. §2; and one count of possession of more than 1000 grams of opium with the intent to manufacture more than 100 grams of a mixture and substance containing a detectible amount of heroin, in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(C), and 18 U.S.C. §2.

2. Holcomb raises several grounds in support of his §2255 motion.[1] First, Holcomb argues that the amount of opium and heroin involved in his case was miscalculated. Accordingly, Holcomb concludes that the recommended sentence in the Presentence Report is erroneous as well as the charges he pled guilty to. Additionally, Holcomb complains that his counsel was ineffective when he objected to the opium calculation in the Presentence Report but failed to ask for an evidentiary hearing on the matter. Holcomb further contends that his counsel was ineffective because he failed to argue that there can be no conspiracy with a government agent. Finally, Holcomb alleges that his counsel failed to file an appeal in this matter as Holcomb had requested.

3. The United States of America (USA) raises several objections to Holcomb's §2255 motion. First, the USA argues that this action should be dismissed because Holcomb waived his right to bring this §2255 motion in his Plea Agreement at 7-8, filed April 30, 1997. A defendant's knowing and voluntary waiver of his statutory right to appeal or to file a §2255 motion is generally enforceable. *United States v. Hernandez*, 134 F. 3d 1435, 1437 (10th Cir. 1998)(accused may waive right to appeal); *United States v. Pipitone*, 67 F. 3d 34, 39 (2d Cir. 1994)(accused may waive right to file § 2255 motion). However, such a waiver does not necessarily foreclose a defendant's right to challenge the effectiveness of counsel. *United States v.*

---

[1]In his reply brief, Holcomb couches his original §2255 grounds in terms of having received an involuntary and unknowing plea agreement. Issues raised for the first time in the reply brief are not considered by the Court. *See, e.g., Hentosh v. Herman M. Finch University of Health Science/The Chicago Medical School*, ___ F.3d ___, 1999 WL 60393 *2 (7th Cir. 1999); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 724 (10th Cir.1993). Accordingly, I will not address any new issues based on an alleged involuntary and unknowing plea agreement.

*Abarca*, 985 F. 2d 1012, 1013( 10th Cir. 1993). Recently, Judge Bratton likewise held that a defendant could not waive his right to a §2255 motion where ineffective assistance of counsel was an issue. *United States v. Holguin*, Civ. No. 98-1155 HB/LCS (D.N.M., Order of February 10, 1999). The Seventh Circuit is in accord with Judge Bratton's position. *Jones v. United States*, ___ F.3d ___, 1999 WL 52154 (7th Cir. 1999).[2] Because Holcomb raises ineffective assistance of counsel issues, his §2255 motion is not automatically barred by the waiver contained in the plea agreement.

    4. The USA also objects to this §2255 motion on the grounds of procedural default because Holcomb failed to bring a direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Because Holcomb did not raise his §2255 claims on direct appeal, his § 2255 motion is procedurally barred unless he can show cause and prejudice, or a fundamental miscarriage of justice. *Id*. In this case, Holcomb's waiver of his right to appeal prevented him from filing a direct appeal. *See, e.g., United States v. Djelevic*, 161 F.3d 104, 106-07 (2nd Cir. 1998)(citing cases)(a defendant's knowing and voluntary waiver of his right to appeal a sentence is generally enforceable). Consequently, there is cause for Holcomb's failure to appeal. As discussed below, there is a problem with the way Holcomb's sentence was calculated. Therefore, I find that Holcomb has demonstrated the necessary actual prejudice. Accordingly, this §2255 motion is not procedurally barred.

---

[2]However, in *Vasquez v. United States*, Civ. No. 98-546 JP/DJS (D. N.M., Order of February 11, 1999), Judge Parker held to the contrary and found that the §2255 waiver was enforceable.

A. Drug Miscalculation

5. Holcomb makes two arguments concerning the alleged drug miscalculation. First, Holcomb contends that he was wrongly indicted for possessing over a 1000 grams of opium. Holcomb points to the fact that the November 27, 1996 Report of Drug Property Collected, Purchased or Seized (attached to Holcomb's §2255 motion) indicates that the <u>net</u> weight of the seized opium weighed only 947.7 grams. However, that same report indicates that the <u>gross</u> weight of the opium was 1,207 grams (rounded up from 1,206.6 grams). Additionally, the November 4, 1996 Report of Investigation (attached to Holcomb's §2255 motion) demonstrates that DEA Special Agent Woodson received "approximately 1,205 gross grams of opium." Contrary to Holcomb's contention, I find that the above evidence was sufficient to charge Holcomb with possessing over 1,000 grams of opium.

6. Second, Holcomb complains that the Presentence Report wrongly concluded under U.S.S.G. §2D1.1 that he intended to manufacture 700-1000 grams of heroin from the opium he possessed. *See* Addendum to Presentence Report at 2. The Addendum to the Presentence Report at 2 relies on Application Note 12 to U.S.S.G. §2D1.1 which states that "[i]n an offense involving an agreement to sell a controlled substance, the <u>agreed-upon quantity</u> of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense." (Emphasis added). Holcomb asserts that the Presentence Report failed to consider the rest of Application Note 12 which states that "[i]f, however, the defendant establishes that he or she did not intend to provide, or<u> was not reasonably capable of providing, the agreed-upon quantity</u> of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the

4

defendant establishes that he or she did not intend to provide or was not reasonably capable of providing." (Emphasis added). Holcomb states that although he told DEA Special Agent Woodson that he expected to receive approximately 800 grams of heroin after processing the opium, no one could physically produce that much heroin from approximately 1000 grams of opium. *See* the following attached as Exhibits C and D to Defendant's Reply to Government's Response to his Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence, filed Nov. 16, 1998: U.S. Department of Justice, *Drugs, Crime, and the Justice System: A National Report from the Bureau of Justice Statistics* at 43 (Dec. 1992); Peter T. White, *The Poppy* at 155, National Geographic Magazine (Feb. 1985). According to Holcomb's sources, he could have produced only about 100 grams of heroin from 1000 grams of opium.

7. Holcomb has the right to be sentenced on materially correct information. *See United States v. Browning*, 61 F.3d 752, 755 (10th Cir. 1995). The USA has the burden of proving by a preponderance of the evidence the quantity of drugs involved for sentencing purposes. *United States v. Sloan*, 65 F.3d 861, 865 (10th Cir. 1995). The information used to calculate drug quantities must have a "sufficient indicia of reliability." U.S.S.G. §6A1.3(a). On the other hand, to take advantage of Application Note 12, Holcomb has the burden of proving either lack of intent or lack of capability. *See United States v. Stavig*, 80 F.3d 1241, 1246-47 (8th Cir. 1996).

8. In this case, the sentencing court adopted the Presentence Report at the September 30, 1997 sentencing hearing. *See* Transcript of Proceedings (Sept. 30, 1997). The Presentence Report and its addendum merely indicate without supporting evidence that Holcomb intended to produce 700-1000 grams of heroin. This Court notes that neither Holcomb nor his counsel objected to the Presentence Report or raised at the sentencing hearing the issue of the heroin

5

amount. Consequently, the sentencing court was never on notice that there was a question as to the heroin amount. The only evidence produced by the USA regarding Holcomb's intent to produce more than 700 grams of heroin comes from Holcomb's prearrest statement to DEA Special Agent Woodson. Holcomb challenges his prearrest statement by producing literature that indicates that he could not have manufactured more than 700 grams of heroin from 1,207 grams of opium. The above discussion leads me to conclude that the USA did not carry by a preponderance of the evidence its burden of proving the quantity of the heroin and failed to demonstrate that it relied on evidence which contains a sufficient indicia of reliability. I find, however, that Holcomb sufficiently carried his burden of showing that he did not have the capability to produce more than 700 grams of heroin.

9. In addition, Holcomb's argument regarding the heroin amount raises an ineffective assistance of counsel issue. To prove his counsel rendered ineffective assistance in contravention of the Sixth Amendment, the defendant must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Cook*, 45 F.3d 388 (10th Cir. 1995). To show his counsel was constitutionally deficient, a defendant must demonstrate that his "'counsel's representation fell below an objective standard of reasonableness.'" *Miles v. Dorsey,* 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688). [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

10. In this case, I find that Holcomb's counsel acted in an unreasonable manner by not providing to the sentencing court evidence regarding what amount of heroin could be produced and failing to question the Presentence Report. This lack of reasonable conduct resulted in Holcomb being sentenced to what appears to be an erroneous term of imprisonment. An erroneous sentence clearly provides the requisite prejudice under *Strickland*. I find, therefore, that Holcomb's counsel provided ineffective assistance for his failure to determine the heroin amount and object to the heroin amount in the Presentence Report or at the sentencing hearing. For all of the above reasons, I recommend remanding this matter to the sentencing court for resentencing on the issue of heroin quantity.

B. Other Ineffective Assistance of Counsel Claims

11. Holcomb alleges also that his counsel was ineffective for not requesting a hearing on the opium miscalculation issue. The sentencing guidelines provide that "when any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. §6A1.3. This provision, however, does not mean that all factual disputes pertaining to the sentence require an evidentiary hearing. *See United States v. Robles-Torres*, 109 F.3d 83, 85 (1st Cir. 1997). Evidentiary hearings at sentencing are the exception, not the rule. *Id*. The decision whether to hold an evidentiary hearing is in the sound discretion of the sentencing court. *Id*. Holcomb concedes that his counsel made the opium miscalculation objection to both the Presentence Report and its addendum on August 5, 1997 and August 25, 1997, respectively. The sentencing court was aware of those objections. *See* Sentencing Proceedings dated Sept. 30, 1997 ("objections to PSR-filed"). Considering the above law on evidentiary hearings, I find that

7

Holcomb's counsel did not act unreasonably by not requesting an evidentiary hearing. Even, if counsel had acted unreasonably, I cannot find that Holcomb was prejudiced because the opium objection was before the sentencing court. I, therefore, conclude that Holcomb's counsel did not provide ineffective assistance of counsel by not requesting a hearing on the opium miscalculation issue.

12. Holcomb next asserts that his counsel was ineffective by failing to argue that no conspiracy can exist with an agent. In fact, Holcomb's counsel did raise that conspiracy issue in his August 25, 1997 objections to the Addendum to the Presentence Report at 2. Even so, the USA correctly points out that Holcomb stated to officials that he had to confer with his "associates" before traveling to New Mexico. Presentence Report at 3. Moreover, one of the co-conspirators was later identified by Holcomb as Ronald Glover. *Id*. at 5. Certainly, with this information before him, Holcomb's counsel did not act unreasonably by not pursuing Holcomb's conspiracy argument. I find that Holcomb has not met the first prong of the ineffective assistance of counsel test. Accordingly, I find that Holcomb's counsel was not ineffective with respect to the conspiracy argument.

13. Lastly, Holcomb believes that his trial counsel was ineffective for failing appeal his case. A defendant's right to effective assistance of counsel applies not just at trial but also on direct appeal. *Romero v. Tansy*, 46 F. 3d 1024, 1030 (10th Cir. 1995). In general, counsel's failure to timely file a notice of appeal from a criminal conviction constitutes *per se* ineffective assistance of counsel. *See United States v. Davis*, 929 F. 2d 554, 557 (10th Cir. 1991). Prejudice within the meaning of Strickland is presumed if it is established that defense counsel's failure to file a notice of appeal was without defendant's consent. *Romero* 46 F.3d at 1030; *United States v.*

*Stearns*, 68 F. 3d 328, 329 (9th Cir. 1995). However, this presumption does not apply where the defendant chooses not to appeal. *See United States v. Foster*, 68 F. 3d 86, 88 (4th Cir. 1995). In this case, Holcomb waived his right to appeal in the Plea Agreement and so chose not to appeal. Accordingly, I cannot find that Holcomb's counsel was ineffective for not filing a notice of appeal.

## Recommended Disposition

I recommend granting Holcomb's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and remanding this case to the sentencing court for a redetermination of the amount of heroin Holcomb was reasonably capable of producing. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge